UNITED STATES, Appellee,

v.

Randall J. COFSKE, Defendant, Appellant.

No. 97–1948.

United States Court of Appeals, First Circuit.

Aug. 3, 1998.

Mark W. Griffin on brief for appellant.

Donald K. Stern, United States Attorney, and Donald L. Cabell, Assistant United States Attorney, on brief for appellee.

Before TORRUELLA, Chief Judge, SELYA and BOUDIN, Circuit Judges.

PER CURIAM.

Upon careful review of the briefs and record, we find no need for oral argument and no reason to disturb defendant's sentence:

1. For U.S.S.G. § 5G1.3 purposes, an undischarged term of probation is not an

"undischarged term of imprisonment." *Prewitt v. United States,* 83 F.3d 812, 817–18 (7th Cir.1996); *see also United States v. Gondek,* 65 F.3d 1, 2 (1st Cir.1995). Therefore, defendant's ongoing probation in Virginia did not entitle him to credit for his discharged Virginia prison term. The district court did not commit error, plain or otherwise, in that regard.

■ 2. Contrary to defendant's argument, the district court sufficiently identified the grounds for the U.S.S.G. § 2K2.1(b)(5) increase: defendant "certainly had reason to believe once he was transferring weapons in the middle of the night surreptitiously that those weapons were going to be used in yet another felony," and the adjustment was awarded "because in [the court's] opinion the defendant had reason to believe that the weapons that he sold would be used or possessed in connection with another felony." Further, there was a sufficient factual basis for that increase, given the inferences reasonably to be drawn from the circumstances of the surreptitious transfer of the guns for illegal drugs and money. And, as defendant was aware of the guidelines and the facts relevant to his sentence, and the pre-sentence report specifically alerted him to the potential for an increase under § 2K2.1(b)(5), no additional notice was required of the district court's particular intention in that regard. *See United States v. Canada,* 960 F.2d 263, 266–67 (1st Cir.1992).

3. No plain error appears as to the two points added to defendant's criminal history score based on his bail law violations. Even if defendant's new dispute about the 1992 bail law violation had any merit, there is no dispute that the 1990 violation itself warranted two points. There is no indication that the 1990 bail violation was counted twice. Accordingly, we conclude that the two points properly were added, whatever the status of the 1992 violation.

■ 4. Defendant's claim of ineffective assistance of counsel is not cognizable in this direct appeal. If defendant believes that he has a viable claim, he may raise it in a motion under 28 U.S.C. § 2255.

*Affirmed. See* 1st Cir. Loc. R. 27.1.