**F I L E D**
**United States Court of Appeals
Tenth Circuit**

**JUN 12 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BEVERLY S. UNDERWOOD, also
known as Beverly Smith,

Defendant-Appellant.

No. 99-3346
(D.C. No. 99-CR-40011)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant pleaded guilty to a superceding indictment charging her with being an accessory after the fact to distribution of cocaine and was sentenced to thirty-seven months' imprisonment. She appeals her sentence, arguing that the district court should have imposed a sentence that effectively gave her credit for time she served in state custody. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Defendant was arrested by state authorities in Topeka, Kansas, on April 8, 1998, for possession and distribution of crack cocaine. At the time of her arrest, defendant was on probation following her conviction on a misdemeanor drug charge in Sedgwick County, Kansas. Defendant also had an outstanding arrest warrant for previous violations of her probation. On April 24, 1998, Sedgwick County issued a second arrest warrant for probation violation based on some of the conduct underlying defendant's April 8 arrest.

On May 5, 1998, the Sedgwick County District Court held a hearing on the two probation violation warrants. Defendant appeared with her counsel and admitted the violations at issue in the first warrant, but argued that the court did not have jurisdiction over the violations in the second warrant because that warrant was untimely filed. After some discussion, the parties and the court agreed that the prosecutor would proceed only on the allegations contained in the first warrant. Based on those allegations, which included defendant's failure to

report to her probation officer, the state court revoked defendant's probation and ordered defendant to serve the original sentence, which was one year.

On February 10, 1999, a federal grand jury issued a three-count indictment against defendant stemming from her April 8, 1998 arrest. On March 25, 1999, a federal detainer was lodged with the Sedgwick County jail, where defendant was serving her state sentence on the probation violation. After she completed her state sentence, defendant was taken into federal custody on April 8. On July 12, 1999, the federal grand jury issued a one-count superceding indictment, to which defendant pleaded guilty.

Before sentencing, defendant filed a sentencing memorandum asking the court to give her credit for the time she spent in the Sedgwick County jail on the state sentence, pursuant to U.S.S.G. § 5G1.3(b) or (c). Defendant contended that the purpose of § 5G1.3 was to create a single sentence that would approximate the total sentence that would have been imposed had all the offenses–both state and federal–been federal offenses and had sentence on all the offenses been imposed at the same time. She argued that her federal sentence should credit her time in state custody because the state court, in imposing a one-year sentence for probation violation, had taken into account some of the same conduct that formed the basis of the federal charges. Defendant also filed a separate alternative motion for a downward departure seeking credit for her time spent in state

custody. The government opposed defendant's request and, after hearing argument on the matter at sentencing, the district court denied defendant's request.

Defendant now appeals, arguing that the district court abused its discretion in not giving her credit for her state sentence, either under the guidelines or as a downward departure. "We review the district court's interpretation and application of the Sentencing Guidelines de novo." *United States v. Chavez-Valenzuela*, 170 F.3d 1038, 1039 (10th Cir. 1999). We review a district court's decision to depart from the guidelines under a unitary abuse of discretion standard. *See Koon v. United States*, 518 U.S. 81, 91 (1996). We have no jurisdiction, however, to review a district court's refusal to depart from the guidelines unless the court refused to depart because it thought it had no authority to do so. *See United States v. Fortier*, 180 F.3d 1217, 1231 (10th Cir. 1999).

Turning first to the district court's application of the guidelines, we conclude the district court properly refused to credit defendant with the time served in state custody under U.S.S.G. § 5G1.3. This guideline is captioned "Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment." In subsection (a), the guideline describes the circumstances under which the new sentence must be consecutive to the prior undischarged sentence; in subsection (b), it describes the circumstances under which the new

sentence must be concurrent to the prior undischarged sentence; and in subsection (c), it gives discretion to the district court, in circumstances not covered by either (a) or (b), to impose a new sentence that is either consecutive, concurrent, or partially concurrent with the prior undischarged sentence. U.S.S.G. § 5G1.3 (1998). "In each set of circumstances, however, the predicate is that the defendant's prior prison term remains 'undischarged.'" *United States v. Labeille-Soto*, 163 F.3d 93, 99 (2d Cir. 1998).

Here, the facts are undisputed that defendant was not subject to an undischarged term of imprisonment at the time her federal sentence was imposed; she had completed service of her state sentence months before. A defendant who is not incarcerated on another sentence at the time he is sentenced for the instant offense is not subject to "an undischarged term of imprisonment" and cannot invoke § 5G1.3. *See, e.g.*, *United States v. Ogg*, 992 F.2d 265, 266-67 (10th Cir. 1993) (holding earlier version of § 5G1.3 did not apply to defendant who had already served prior state prison term); *Labeille-Soto*, 163 F.3d at 99 (holding current version of § 5G1.3 did not apply to defendant who had already served prior state prison term); *United States v. Cofske*, 157 F.3d 1, 1 (1st Cir. 1998) (holding defendant not entitled under § 5G1.3 to credit for discharged state prison term), *cert. denied*, 119 S. Ct. 1374 (1999); *Prewitt v. United States,* 83 F.3d 812, 817 (7th Cir. 1996) (holding defendant could not invoke § 5G1.3 because he was

not subject to undischarged term of imprisonment).  Defendant's attempt to construe § 5G1.3 to apply to a prior term of imprisonment that has been discharged at the time the current federal sentence is imposed is without merit.  Because § 5G1.3 did not apply to defendant, the district court did not err in failing to give defendant credit for her state sentence under that guideline.

We turn, then, to defendant's request for a downward departure.  Defendant presented several grounds to the district court to support her request for a downward departure that would effectively give her credit for her state custody.  After hearing argument from both parties, the district court judge denied defendant's request, stating his understanding of how a sentence"normally" should be imposed under the circumstances presented.

As we have repeatedly held, we lack jurisdiction to review a district court's discretionary decision to deny a downward departure.  *See Fortier*, 180 F.3d at 1231.  "[U]nless the judge's language unambiguously states that the judge does not believe he has authority to downward depart, we will not review his decision." *United States v. Rodriguez*, 30 F.3d 1318, 1319 (10th Cir. 1994).  Based upon our review of the sentencing hearing transcript, we conclude that the district court judge's comments in denying defendant's request do not constitute an unambiguous statement that he believed he was without authority to depart.

Therefore, we will not review the district court's decision not to depart from the guidelines.

We AFFIRM.

Entered for the Court


John C. Porfilio
Circuit Judge