# United States Court of Appeals
## For the First Circuit

No. 00-2274

UNITED STATES,

Appellee,

v.

CARLOS RAMIREZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Torruella, Chief Judge,
Selya and Lynch, Circuit Judges.

Joseph C. Laws, Jr., Federal Public Defender, and Yasmin A. Irizarry, Assistant Federal Public Defender, for appellant.
Lena Watkins, Trial Attorney, U.S. Department of Justice, for appellee.

June 12, 2001

**LYNCH, Circuit Judge**. Carlos Ramirez pled guilty to marijuana distribution, 21 U.S.C. §§ 841 and 846, and associated money laundering charges, 18 U.S.C. § 1956(h). Ramirez was sentenced to five years, the statutory mandatory minimum. His plea agreement acknowledged that minimum. He had, at the time of federal sentencing, already served six months of a nine-month California state sentence relating to the same marijuana transaction; he had been released early in California for good behavior.

At issue in this sentencing appeal is whether the district court had discretion to grant a six month "credit" against the federal sentence to account for the state time served. Ramirez was arrested on federal charges on the day of his release from state prison. The district court concluded that it was barred from granting Ramirez credit for his state sentence, and that the only mechanism available to Ramirez was to request credit through the Attorney General under the procedures set forth in 18 U.S.C. § 3585.[1] Ramirez challenges

---

[1] 18 U.S.C. § 3585 provides: "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -- (1) as a result of the offense for which

-3-

that determination, arguing that 18 U.S.C. § 3585 is inapplicable by its terms and therefore the court must find some other way to do justice and give him credit.

The government argues that: (1) Ramirez has waived his right to appeal by signing a plea agreement that generally waived the right to appeal his sentence provided it was within the guidelines range; and (2) there was, on the merits, no authority which permitted the district court to provide the credit requested.

Waiver of Appeal

In the plea agreement, Ramirez expressly waived the right to appeal his sentence "unless the court impose[d] a custodial sentence greater than the high end of the guideline range and (of [the] statutory minimum term, if applicable) recommended by the government." Ordinarily we would reach the waiver issue first. Under the circumstances of this case, we

the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." The parties both argue that the district court was wrong to believe that Ramirez could get credit under § 3585. We do not reach the issue here.

-4-

believe it more prudent not to resolve the waiver issue.  At Ramirez's change of plea hearing, the magistrate judge did not inquire whether the waiver of appeal was knowing and voluntary. Further, when asked by the magistrate judge to outline the plea agreement, the government said nothing about the waiver of appellate rights.  The magistrate judge also advised Ramirez: "You have a right to appeal sentences that are high or low, you always have the right to appeal."  (emphasis added).  The government then failed to offer a correction to the Magistrate Judge's statement.  Because of the problematic nature of these events, we turn to the merits.

Credit for State Sentence

The district court's interpretation of the guidelines as a matter of law is reviewed de novo.  United States v. Caraballo, 200 F.3d 20, 24 (1st Cir. 1999).  Determinations of fact are reviewed for clear error.  United States v. Santos Batista, 239 F.3d 16, 21 (1st Cir. 2001).

Ramirez argues, based on commentary to U.S.S.G. § 5G1.3(b), that the district court should have credited his six month sentence for the related offense toward the statutory mandatory minimum sentence.  For sentencing guidelines cases,

-5-

U.S.S.G. § 5G1.3(b) requires that when an <u>undischarged</u> term of imprisonment "'resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense,' the new sentence must run concurrently with the undischarged term." <u>United States</u> v. <u>Austin</u>, 239 F.3d 1, 5 (1st Cir. 2001) (quoting U.S.S.G. § 5G1.3(b)). Further, the guidelines commentary advises a sentencing court imposing a concurrent sentence pursuant to section 5G1.3(b) to adjust the sentence for the instant offense by crediting any period of imprisonment already served for the underlying conduct "if the court determines that period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." U.S.S.G. § 5G1.3 cmt. n.2. Section 5G1.3 was designed to prevent duplicative punishment by coordinating sentences, in certain circumstances, for related crimes. <u>See</u> <u>Austin</u>, 239 F.3d at 5.

There are two problems with Ramirez's reliance on section 5G1.3(b) and its commentary. First, the sentence involved here is a statutory mandatory minimum sentence, not a guidelines sentence, and so caselaw concerning the granting of credit for <u>guidelines</u> purposes does not necessarily govern.

Except in limited circumstances,[2] sentencing guidelines cannot be employed to impose a sentence below an applicable statutory mandatory minimum. Melendez v. United States, 518 U.S. 120, 126-27 (1996).

Some courts of appeal have nonetheless applied § 5G1.3 and Application Note 2 to cases involving statutory mandatory minimum sentences, crediting a defendant for time served in an undischarged, concurrent term of imprisonment, so long as the total of the time served and the reduced federal sentence equals or exceeds the statutory mandatory minimum period. See, e.g., United States v. Ross, 219 F.3d 592, 594-95 (7th Cir. 2000); United States v. Drake, 49 F.3d 1438, 1440-41 (9th Cir. 1995); United States v. Kiefer, 20 F.3d 874, 876-77 (8th Cir. 1994).[3]

---

[2] A district court has authority to impose a sentence below the statutory minimum if the government files a motion acknowledging defendant's substantial assistance, 18 U.S.C. § 3553(e), or if a defendant provides complete information pursuant to the "safety valve" provision, 18 U.S.C. § 3553(f). Melendez v. United States, 518 U.S. 120, 126-27 (1996). Ramirez declined to avail himself of the safety valve, see infra.

[3] Some statutes provide that mandatory minimum sentences shall not run concurrently with any other sentence. See, e.g., 18 U.S.C. § 924(a)(4). The statute at issue here does not contain such language.

The theory is that the federal mandatory minimum statute does not specify any particular way in which that minimum term is to be achieved. This court has not ruled on the issue. And we need not reach it here, as Ramirez's argument faces a different, and ultimately insurmountable, hurdle.

Ramirez's second problem is that even if an analogy to the guidelines were accepted, it would do Ramirez no good. The issue here involves the giving of credit when the defendant has already completed his state sentence for the related conduct. Application note 2 to § 5G1.3 allows for a credit adjustment "[w]hen a sentence is imposed pursuant to subsection (b)." And the concurrent sentencing requirement of § 5G1.3(b), in turn, is only triggered when there is an underscored underscore{undischarged} term of imprisonment at the time of sentencing. See United States v. Rizzo, 121 F.3d 794, 800 (1st Cir. 1997). A defendant's eligibility for credit is derivative of his eligibility for a concurrent sentence. As a result, even if we extended the principle of § 5G1.3 to this case, Ramirez would not be entitled to credit because his state sentence was not undischarged (rather, it was discharged) at the time he was sentenced on the federal counts. See United States v. Cofske, 157 F.3d 1, 1-2

(1st Cir. 1998) (per curiam) (defendant not entitled to credit under § 5G1.3 for discharged state prison term, despite undischarged term of probation); Rizzo, 121 F.3d at 800 (§ 5G1.3 does not apply where term of imprisonment for prior conviction was discharged before sentencing for new indictment).

Our sister circuit courts have also held that § 5G1.3 is inapplicable to a discharged term of imprisonment. See, e.g., United States v. Turnipseed, 159 F.3d 383, 386-87 (9th Cir. 1998); United States v. McHan, 101 F.3d 1027, 1040 (4th Cir. 1996); United States v. Ogg, 992 F.2d 265, 266 (10th Cir. 1993). As held by the Second Circuit:

> [T]he predicate is that the defendant's prior prison term remains "undischarged." There is no provision, either in the [Sentencing Reform] Act or in the Guidelines, stating that the court may order that the sentence it imposes be deemed to have been served concurrently with a prior prison term that has been fully discharged. If the defendant has completed his state prison term before the federal sentence is imposed, § 5G1.3 does not apply, and his federal prison term cannot be imposed concurrently.

United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998) (emphasis added); cf. United States v. Parkinson, 44 F.3d 6, 8 (1st Cir. 1994) ("Section 5G1.3 is designed to achieve an

-9-

incremental punishment for a defendant who, at the time of sentencing for the instant offense, is subject to an undischarged term of imprisonment."). By the time Ramirez was sentenced on the federal counts on August 28, 2000, a full year had passed since his state sentence was discharged.

Ramirez makes a second argument that the district court must have sentencing discretion because the government compromised his ability to seek credit under § 5G1.3 by waiting to arrest him until the day he discharged his state sentence.[4] This is like the argument presented by the defendant in Rizzo, supra, who accused the government of delaying his federal indictment until he had served his state sentence so as to render him ineligible for a concurrent sentence. This court has recognized that deliberate government manipulation of some sentencing factors might give a defendant grounds for relief, but it has set a high threshold. "[D]eliberate tampering to

---

[4]    The district court's statement at sentencing, that the court could have given Ramirez credit for time served had Ramirez been arrested while serving his state sentence, may reflect a misunderstanding about when the concurrency principle of § 5G1.3 is triggered. The trigger date for whether the state sentence is "undischarged" is the date of the federal sentencing, not the date of arrest on federal charges. See, e.g., Labeille-Soto, 163 F.3d at 99.

increase a sentence would be a concern, but the ordinary accidents of acceleration or delay are part of the fabric of criminal proceedings." United States v. Saldana, 109 F.3d 100, 104 (1st Cir. 1997). Ramirez does not come close.

In sum, even if we were to apply guidelines analysis to a statutory mandatory minimum sentence case, it does not help Ramirez. The only avenue for relief available to Ramirez in the district court from the applicable statutory mandatory minimum sentence was to provide the government "all information and evidence" he had about the offenses at issue, 18 U.S.C. § 3553(f) (the "safety valve" provision). But Ramirez declined to do so.

The judgment of the district court is affirmed.