<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4943**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

TRENESIA S. DOCTOR, a/k/a Neenee,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, Chief District
Judge.  (2:07-cr-00302-DCN-1)

Submitted:  December 10, 2010      Decided:  December 30, 2010

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John Wesley Locklair, III, LOCKLAIR & LOCKLAIR, PC, Columbia,
South Carolina, for Appellant.  Alston Calhoun Badger, Jr.,
Assistant United States Attorney, Charleston, South Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Trenesia S. Doctor appeals her conviction and the eighty-eight month sentence imposed by the district court following her guilty plea to conspiracy to possess with the intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a), (b)(1)(A), 846 (2006). Doctor's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that, in his opinion, there are no meritorious issues for appeal, but questioning whether the district court properly denied Doctor's request for a downward departure based on the safety valve provision in U.S. Sentencing Guidelines Manual ("USSG") § 5C1.2(a) (2007). Doctor was advised of her right to file a pro se supplemental brief, but has not done so. We affirm.

We review Doctor's sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Significant procedural errors include "'failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, . . . or failing to adequately explain the chosen sentence--including an explanation for any

2

deviation from the Guidelines range.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 51). We then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Gall, 552 U.S. at 51.

Doctor questions whether the district court properly denied her request for a downward departure based on the safety valve provision, USSG § 5C1.2(a). Our review of the record leads us to conclude that the district court correctly determined that Doctor failed to establish that she had satisfied all the requirements for application of the safety valve.

We also conclude that the district court properly reduced the required 120-month sentence by thirty-two months pursuant to USSG §§ 5C1.3, 5K2.23 because Doctor had served a state sentence of that length based on conduct that was included as relevant conduct to the instant offense of conviction. Thus, we conclude that the district court properly calculated Doctor's guideline range. The eighty-eight month statutorily required sentence that Doctor received is per se reasonable. See United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008) ("A statutorily required sentence . . . is per se reasonable). Therefore, Doctor's sentence is both procedurally and substantively reasonable.

3

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Doctor in writing of her right to petition the Supreme Court of the United States for further review. If Doctor requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Doctor.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>