10-5039-cr
USA v. Scott

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of January, two thousand twelve.

Present:
ROBERT A. KATZMANN,
GERARD E. LYNCH,
        *Circuit Judges*,
LEWIS A. KAPLAN,
        *District Judge*.*

_____

UNITED STATES OF AMERICA,

        *Appellee*,

        v.                                                No. 10-5039-cr

CLINTON HILL, AKA Tupac, AKA Clint,REDDELL SMITH, AKA Renny,
JERMAINE BARNUM, AKA Bones, DARQUAN WALKER, AKA Quany,
ARTHUR BULLOCK, AKA Art, RALPH WALKER, AKA Eaz,
SCHIQUAN HARRISON, AKA S, JERRY SLAUGHTER, AKA Hood,
KEITH HORTON, AKA Kizza, BRYAN SHEPARD, AKA Gadget,
QUASHAWN BLUNT, AKA Qua,
        *Defendants*,

_____

* The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.

MARQUISE SCOTT, AKA Sem,

        *Defendant-Appellant*.

_____

For Defendant-Appellant:        Jarrod W. Smith, Jarrod W. Smith, Esq., P.L.L.C., Jordan, N.Y.

For Appellee:        John M. Katko, Elizabeth S. Riker, Assistant United States Attorneys, *of counsel*, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, N.Y.


Appeal from the United States District Court for the Northern District of New York (Scullin, Jr., *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Marquise Scott appeals from a December 2, 2010 judgment of conviction entered by the United States District Court for the Northern District of New York (Scullin, Jr., *J.*). Following a guilty plea, Scott was convicted of conspiring to engage in a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d). On December 2, 2010, Scott was sentenced to 125 months' imprisonment. On appeal, Scott argues that the district court's sentence is procedurally unreasonable because his incarceration in state prison should have been credited towards his federal sentence. Specifically, Scott contends (1) that the district court erred in not properly considering and applying U.S.S.G. § 5G1.3(b) by characterizing Scott's imprisonment "discharged" under the language of the statute and/or (2) failing to depart downward pursuant to U.S.S.G. § 5K2.23. We presume the parties' familiarity with the facts and procedural history of this case.

2

We review a district court's sentence for "reasonableness," "which is 'akin to review for abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact.'" *United States v. Leslie*, 658 F.3d 140, 142 (2d Cir. 2011) (per curiam) (quoting *United States v. Williams*, 475 F.3d 468, 474 (2d Cir. 2007)). A district court commits "procedural error where it fails to calculate the Guidelines range (unless omission of the calculation is justified)," "makes a mistake in its Guidelines calculation," "treats the Guidelines as mandatory," "does not consider the § 3553(a) factors," "rests its sentence on a clearly erroneous finding of fact," or "fails adequately to explain its chosen sentence." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (internal citations omitted). Although we normally review sentencing challenges based on procedural unreasonableness for abuse of discretion, "rigorous plain error analysis is appropriate for . . . unpreserved errors." *United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007).

Scott first contends that the district court erred in failing to credit the defendant with time served on a state term of imprisonment pursuant to U.S.S.G. § 5G1.3(b). Because Scott did not raise this issue below, we review this claim for plain error. *Villafuerte*, 502 F.3d at 208. Section 5G1.3(b) of the Sentencing Guidelines provides:

> If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . and that was the basis for increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

3

(2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(b).

In this case, Scott was not incarcerated at the time of his sentencing. Rather, he had been released from prison and has commenced serving a term of post-release supervision. While Scott was incarcerated when he pled guilty, the relevant time for consideration of § 5G1.3 is the date of sentencing. *See United States v. Labeille-Soto*, 163 F.3d 93, 99 (2d Cir. 1998) ("If the defendant has completed his state prison term before the federal sentence is imposed, § 5G1.3 does not apply, and his federal prison term cannot be imposed concurrently.").

While not technically incarcerated at the time of his sentencing, Scott nonetheless argues that his term of term of imprisonment was not "discharged" because New York law defines parole as a part of the sentence of imprisonment. *See* New York Penal Law § 70.40(1)(a) ("Release on parole shall be in the discretion of the state board of parole, and such person shall continue service of his or her sentence or sentences while on parole, in accordance with and subject to the provisions of the executive law and the correction law."). In advancing this argument, Scott largely relies upon the Eighth Circuit's decision in *United States v. French*, 46 F.3d 710, 717 (8th Cir. 1995), which held that because South Dakota law defines parole as confinement in the legal custody of the Department of Corrections, a defendant on parole was still serving an undischarged term of imprisonment for purposes of § 5G1.3(b).

We cannot conclude that the district court committed plain error, for at least two reasons. First, this Court has never adopted the *French* rule, and, as Scott acknowledges, the majority of circuits that have addressed the rule have held that as a matter of uniform federal law a sentence is discharged once the defendant is no longer in prison. *See United States v. Cruz*, 595 F.3d 744,

4

745 (7th Cir. 2010) (holding that "although [the defendant] was paroled rather than released unconditionally, his state sentence was 'discharged' for purposes of deciding whether the federal judge could impose a concurrent sentence"); *Prewitt v. United States*, 83 F.3d 812, 817 (7th Cir. 1996) (holding that because the defendant "was not imprisoned —incarcerated in a penal institution —when he was sentenced[,] . . . he was not subject to an 'undischarged term of imprisonment' and could not invoke § 5G1.3"); *United States v. Ramirez*, 252 F.3d 516, 519 (1st Cir. 2001) (holding that "the concurrent sentencing requirement of § 5G1.3(b) . . . is only triggered when there is an *undischarged* term of imprisonment at the time of sentencing"); *United States v. Cofske*, 157 F.3d 1, 1 (1st Cir. 1998) (per curiam) ("For U.S.S.G. § 5G1.3 purposes, an undischarged term of probation is not an 'undischarged term of imprisonment.'"); *see also United States v. Jones*, 107 F.3d 1147, 1165 (6th Cir. 1997) (holding that the district court erred by treating the defendant's time spent in home detention as a "sentence of imprisonment" under § 4A1.1(a) of the Sentencing Guidelines). Second, even if we were to look to state law as Scott urges, Scott does not appear to have been on parole at the time of his federal sentence. Rather, as he also acknowledges, he had been sentenced in state court to a *determinate* two-year prison sentence, which had already expired, and was serving a one-year term of "post-release supervision." See N.Y. Penal Law § 70.45. In other words, he had not been released from prison conditionally before the expiration of his term of imprisonment, but rather had completed his jail sentence and was now serving a separate sentence analogous to the federal supervised release or to a sentence of probation. Because the district court's conclusion that a "term of imprisonment" is "discharged" within the meaning of § 5G1.3(b) when the prisoner is released from incarceration is both reasonable and supported by substantial authority, and

5

because it is not clear t hat Scott would benefit from the contrary rule that he espouses on appeal, we cannot say that the district court committed plain error in its calculation of the applicable sentencing guideline range.

Scott then contends that even if his state prison sentence was discharged pursuant to § 5G1.3, the district court should have applied § 5K2.23, which provides for a downward departure as a result of a discharged term of imprisonment:

> A downward departure may be appropriate if the defendant has (1) completed serving a term of imprisonment; and (2) subsection (b) of § 5G1.3 (Imposition of a Sentence on a Defendant Subject to Undischarged Term of Imprisonment) would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense. Any such departure should be fashioned to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5K2.23.

A refusal to depart downward from the Guidelines is generally not appealable. *See United States v. Stinson*, 465 F.3d 113, 114 (2d Cir. 2006) (per curiam). "[R]eview of such a denial will be available only 'when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal.'" *Id.* (quoting *United States v. Valdez*, 426 F.3d 178, 184 (2d Cir. 2005)). Here, because there is no evidence from the record, and Scott does not point to any reason to believe, that the district court misapprehended its authority to depart downward from the Guidelines, the district court's failure to depart under § 5K2.23 is not reviewable.

We have considered Scott's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
