**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4481

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

TRAVIS ANTWONE MOORE, a/k/a Trav, Trap,

Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Terry L. Wooten, Senior District Judge. (3:17-cr-00136-TLW-9)

Argued: January 31, 2019                                    Decided: March 14, 2019

Before AGEE and FLOYD, Circuit Judges and TRAXLER, Senior Circuit Judge.

Reversed and remanded by published opinion. Judge Floyd wrote the opinion, in which Judge Agee and Senior Judge Traxler joined.

**ARGUED:** Benjamin Neale Garner, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellant. Daniell Stokes Landers, LANDERS LAW FIRM, Lexington, South Carolina, for Appellee. **ON BRIEF:** Sherri A. Lydon, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellant.

FLOYD, Circuit Judge:

Travis Antwone Moore pleaded guilty to conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base. Prior to his federal sentencing, Moore served seven months in state prison for related conduct. At sentencing, the district court reduced Moore's mandatory-minimum sentence by seven months, over the government's objection, to reflect Moore's discharged state sentence. For the reasons set forth below, we reverse.

I.

On January 18, 2018, Travis Antwone Moore pleaded guilty to conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), & 846. Because he had a previous drug-related felony conviction, Moore was subject to a mandatory-minimum sentence of ten years. *See* 21 U.S.C. § 841(b)(1)(B) ("If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment *which may not be less than 10 years*[.]" (emphasis added)). At sentencing, Moore argued that he should receive a downward departure of seven months from the ten-year mandatory-minimum sentence because he had already served a seven-month sentence on state charges for conduct relevant to his federal offense.

Moore based his argument on U.S.S.G. § 5K2.23, which provides:

A downward departure may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of § 5G1.3 (Imposition of a Sentence on a Defendant Subject to Undischarged

2

Term of Imprisonment or Anticipated Term of Imprisonment) would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense. Any such departure should be fashioned to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3(b), in turn, provides that if "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction," the court shall "adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment" and order the federal sentence to run concurrently to the remainder of the undischarged sentence. For these purposes, "relevant conduct" is defined as actions "that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). Hence, if a defendant receives a second sentence for conduct related to his first sentence, the Guidelines recommend that the defendant receive a downward departure on his second sentence to reflect the time already served on the first sentence.

Moore argued—and the government does not dispute—that his state charges arose out of conduct relevant to his federal offense. Therefore, he sought a downward departure pursuant to U.S.S.G. § 5K2.23 to reflect the time that he had already served. The government objected, arguing that U.S.S.G. § 5K2.23 does not and cannot authorize a downward departure from a statutory mandatory-minimum sentence. The district court, however, relying on our unpublished opinion *United States v. Doctor*, 409 F. App'x 615 (4th Cir. 2010), granted the downward departure and sentenced Moore to 113 months. This appeal followed.

3

## II.

The government's appeal raises a legal question regarding the scope and application of the Guidelines. We review the district court's legal interpretation of the Guidelines de novo. *United States v. Schaal*, 340 F.3d 196, 198 (4th Cir. 2003).

## III.

This case hinges on whether the Sentencing Guidelines can authorize a downward departure from a statutorily imposed mandatory-minimum sentence. Every U.S. Court of Appeals that has addressed this question has answered, "No." We now join those courts. Because mandatory minimums are imposed by Congress, only Congress—through the enactment of another statute—can authorize downward departures from them. The district court lacked the authority to impose a sentence less than the statutory mandatory-minimum sentence absent permission from another source of congressional authority, permission that is lacking here.

It is axiomatic that the Guidelines are merely advisory. *See United States v. Booker*, 543 U.S. 220, 245 (2005). But they are also "tentative: They can be overridden by other considerations, such as a congressionally mandated minimum sentence." *Koons v. United States*, 138 S. Ct. 1783, 1787 (2018). Against this background, Moore asks this Court to affirm a downward departure from a mandatory-minimum sentence, even though that departure was based solely on a Guideline, U.S.S.G. § 5K2.23, and unsupported by any independent statutory basis. We cannot. The Guideline recommendation that Moore receive credit for time served on a discharged sentence is overridden by the

4

congressionally mandated minimum sentence in 21 U.S.C. § 841(b)(1)(B). For the district court to grant a departure solely on the basis of the Guidelines, contrary to a congressional mandate, was error.

Although we have not addressed this specific question, several other circuits have, and each has determined that U.S.S.G. § 5K2.23 alone cannot authorize a downward departure from a mandatory-minimum sentence. The U.S. Court of Appeals for the Seventh Circuit took up the question in *United States v. Cruz*, 595 F.3d 744 (7th Cir. 2010), explaining that U.S.S.G. § 5K2.23 generally does not authorize a below-minimum sentence because "a statutory minimum blocks a downward departure that carries the sentence below the minimum," *id*. at 746. And the U.S. Court of Appeals for the Second Circuit addressed the issue in *United States v. Lucas*, 745 F.3d 626 (2d Cir. 2014), where it stated that "[a] district court must impose a mandated minimum unless a more specific statutory provision allows the court to impose a lower sentence," *id*. at 629–30. No such statutory provision applies here.[1] *See also United States v. Ramirez*, 252 F.3d 516, 518–19 (1st Cir. 2001) ("Except in limited [statutorily created] circumstances, sentencing guidelines cannot be employed to impose a sentence below an applicable statutory mandatory minimum.").

Moore believes that if his previous sentence for relevant conduct had been undischarged—that is, if he had been in the process of serving his first sentence—when

---

[1] An example of such a statutory provision is 18 U.S.C. § 3553(e), which authorizes downward departures from a statutory mandatory-minimum sentence in cases where the defendant has provided substantial assistance to law enforcement.

he received his later federal sentence, then the district court would have had the authority to give him a downward departure even from a mandatory minimum. Therefore, Moore argues, the district court should have the same authority to give him a downward departure for an already-discharged sentence.

Moore is correct that U.S.S.G. § 5G1.3 generally allows district courts to give credit for time served on an undischarged sentence, provided the sentence arose out of relevant conduct. And according to some Courts of Appeals, this credit can even be given where a mandatory-minimum sentence is involved, "so long as the total of the time served and the reduced federal sentence equals or exceeds the statutory mandatory minimum period." *Ramirez*, 252 F.3d at 519; *see also United States v. Rivers,* 329 F.3d 119, 122 (2d Cir. 2003); *United States v. Ross,* 219 F.3d 592, 594–95 (7th Cir. 2000); *United States v. Drake,* 49 F.3d 1438, 1440–41 (9th Cir. 1995);[2] *United States v. Kiefer,* 20 F.3d 874, 876–77 (8th Cir. 1994). There are several reasons why this has been deemed appropriate. First, and most importantly, the courts have held that U.S.S.G. § 5G1.3—unlike U.S.S.G. § 5K2.23, on which Moore relies—is backed by an enabling statute: 18 U.S.C. § 3584(a), which provides that "if a term of imprisonment is imposed on a defendant who is already subject to an *undischarged* term of imprisonment, the

---

[2] *Drake* is dissimilar from this case because it involved 18 U.S.C. § 924(e)(1), which mandates that a defendant be "imprisoned not less than fifteen years." *Drake*, 49 F.3d at 1440. The Ninth Circuit analyzed whether a previously served state sentence could constitute "imprisonment" for purposes of this statute and held that it could. *Id.*; *see also Ross*, 219 F.3d at 595 (explaining that § 924(e)(1) "does not specify any particular way in which [the required] imprisonment should be achieved"). In contrast, Moore was sentenced under 21 U.S.C. § 841(b)(1)(B), which states that a defendant "shall be sentenced to a term of imprisonment which may not be less than 10 years."

6

terms may run concurrently or consecutively[.]" Second, the courts have reasoned that "the federal mandatory minimum statute does not specify any particular way in which that minimum term is to be achieved." *Ramirez*, 252 F.3d at 519; *see Lucas*, 745 F.3d at 629.

Here, we need not decide whether the language of 18 U.S.C. § 3584(a) can be read to authorize a district court to impose a mandatory minimum sentence concurrent from the *start date* of a defendant's *undischarged* sentence. This issue is not before us and it is best left to another day. Even if such an exception for undischarged sentences applies, it does not help Moore, because his state sentence was *discharged* and no statute authorizes a lower federal sentence based on time already served on a state sentence. *Lucas*, 745 F.3d at 629 ("[A]bsent express statutory authority, a statutory minimum term of imprisonment *does* 'proscribe' the conferral of a sentencing break." (emphasis in original)).[3]

IV.

In sum, absent some form of congressional authorization not present here, § 5K2.23 does not permit a district court to adjust a federal sentence below the statutory minimum to account for a related state sentence that has already been discharged.

---

[3] Moore argues that this Court already authorized downward departures from mandatory-minimum sentences in *Doctor*, 409 F. App'x 615. *Doctor*, however, is an unpublished, per curiam decision that does not bind us.

7

Accordingly, we vacate Moore's sentence and remand to the district court for resentencing consistent with this opinion.

*REVERSED AND REMANDED*