**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4800**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARTEL TRAYVELLE EASTON,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:19-cr-00031-1)

Submitted:  August 31, 2020                           Decided:  September 15, 2020

Before NIEMEYER, KEENAN, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Carl Hostler, PRIM LAW FIRM, PLLC, Hurricane, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, Charleston, West Virginia, R. Gregory McVey, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Martel Trayvelle Easton pleaded guilty to possession with intent to distribute 100 grams or more of carfentanil, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Easton to 120 months' imprisonment—the mandatory minimum required by statute. *See* 21 U.S.C. § 841(b)(1)(A)(vi). On appeal, Easton contends that his sentence is unreasonable because he was only 19 years old at the time of the offense and he was merely a low-level drug dealer. He also generally attacks on policy grounds mandatory minimum sentences for drug dealers like him. We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the [Sentencing] Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (first alteration in original) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In performing that review, we are obliged to first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* (citing *Gall*, 552 U.S. at 51).

If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Id.* Our substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted).

2

We discern no procedural error in Easton's sentence. At the sentencing hearing, the district court correctly calculated the applicable Guidelines range, explicitly assessed some of the § 3553(a) factors, and adequately explained its chosen sentence. *See id.* Although the court did not mention all of the § 3553(a) factors, it was not required to do so. *See United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019). We thus conclude that Easton's sentence is procedurally reasonable.

We are also satisfied that Easton's mandatory minimum sentence is substantively reasonable. Notably, we have ruled that a district court's imposition of a mandatory minimum sentence "is *per se* reasonable." *United States v. Farrior*, 535 F.3d 210, 224 (4th Cir. 2008), *abrogated on other grounds by Rodriguez v. United States*, 575 U.S. 348 (2015). Insofar as Easton contends that the district court should have sentenced him below the mandatory minimum based on his age and his position as a low-level drug dealer, the court was powerless to do so in these circumstances. As we have explained, a district court lacks the inherent authority to sentence a defendant below the applicable mandatory minimum. *United States v. Moore*, 918 F.3d 368, 370 (4th Cir. 2019). A district court may only impose such a sentence if authorized by statute. *Id.*; *see* 18 U.S.C. § 3553(e), (f). Here, Easton does not identify any statute under which he qualifies for a sentence below the mandatory minimum.[*]

---

[*] Although Easton maintains that he is entitled to a sentence below the mandatory minimum based on the Supreme Court's recent decisions addressing the sentencing of juveniles, *see Miller v. Alabama*, 567 U.S. 460, 465 (2012), and *Roper v. Simmons*, 543 U.S. 551, 578 (2005), he was not a juvenile at the time that he committed the instant offense. *See United States v. Cobler*, 748 F.3d 570, 581 (4th Cir. 2014) ("[W]e decline to (Continued)

3

To the extent that Easton attacks mandatory minimum sentences for low-level drug dealers as unsound policy, his grievance is better directed to and addressed by Congress. *See Moore*, 918 F.3d at 370 (recognizing that only Congress "through the enactment of another statute" can alter mandatory minimum sentences); *see also Neal v. United States*, 516 U.S. 284, 296 (1996) (explaining that Congress, not the courts, "has the responsibility for revising . . . statutes").

Because Easton's mandatory minimum sentence is reasonable, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

substitute a subjective judgment about the relative immaturity of a particular defendant for the objective age of minority that the Supreme Court has used as the benchmark for its categorical analysis of young offenders.").