UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.                                          No. 02-4169

WILLIAM ALFRED PRESCOD, JR.,
             *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-99-29-V)

Submitted: February 3, 2003

Decided: February 27, 2003

Before NIEMEYER, LUTTIG, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

R. Edward Hensley, Jr., SMATHERS & NORWOOD, Canton, North Carolina, for Appellant. Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

William Alfred Prescod, Jr., appeals his conviction and sentence following his guilty plea to conspiracy to possess with intent to distribute at least 1.5 kilograms of crack cocaine. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), mentioning possible claims of ineffective assistance or prosecutorial misconduct, but not exploring any specific arguments. Prescod has filed a supplemental brief, raising numerous claims, most of which are patently meritless. The few arguments requiring discussion are analyzed below.

I.

In 1994, Prescod was arrested by North Carolina police officers for conspiracy to traffic cocaine. He was subsequently convicted in state court and sentenced to five years imprisonment. Prescod asserts that he was released in 1996. However, the presentence report states that Prescod escaped in 1996.

Nevertheless, in May 2000, Prescod and four co-conspirators were indicted by a federal grand jury for conspiracy to possess with intent to distribute a quantity of cocaine and cocaine base. In September 2000, the Government filed a superseding indictment charging only Prescod with conspiracy to possess with intent to distribute at least 1.5 kilograms of cocaine base. The same co-conspirators charged in the prior indictment were listed as co-conspirators in the superseding indictment. In November 2000, Prescod pled guilty to the superseding indictment without a written plea agreement. He was subsequently sentenced to 360 months imprisonment.

II.

Prescod asserts that his guilty plea was unknowing because he thought he was pleading guilty to the original indictment. The superseding indictment added a specific drug amount and limited the drugs involved to crack cocaine only. However, Prescod's allegations regarding his state of mind are not supported by the record.

Prescod pled guilty before a magistrate judge. When he was sentenced by the district court, his attorney raised this issue. The district court questioned Prescod, and Prescod stated that he was aware he had pled to a crack cocaine conspiracy and that he had pled guilty freely and voluntarily. While he continued to challenge the fact that he was responsible for 1.5 kilograms of crack cocaine at his sentencing hearing, he was specifically told at his Fed. R. Crim. P. 11 hearing that he was charged with 1.5 kilograms or more, and he stated that he understood. In addition, he was arraigned following the filing of the superseding indictment, nearly a month before his guilty plea. Thus, the record shows that Prescod's claims that he thought he was pleading to the original indictment are disingenuous.

## III.

Prescod next argues that his indictment was defective because the dates were incorrect as he was in jail during portions of the conspiracy charged. The sufficiency of an indictment is judged by whether the indictment apprises the defendant of the charges he must meet and whether the defendant would be protected against double jeopardy by a judgment on the indictment. *Russell v. United States*, 369 U.S. 749, 763-64 (1962). The indictment in this case satisfies both tests. Prescod was charged with conspiracy to possess with intent to distribute at least 1.5 kilograms of cocaine base. The charge is sufficient to notify the defendant of the offense.

Regarding the dates, even if the indictment is incorrect, it does not bar conviction. An indictment is sufficient if it charges facts which show that the offense was committed within the statutory period of limitations. *United States v. Young*, 862 F.2d 815, 818-19 (10th Cir. 1988). Here, the indictment charged a conspiracy running until May 1999, well within the statute of limitations. Moreover, even were there error, Prescod's guilty plea waived all non-jurisdictional defects in the indictment. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

## IV.

Prescod next alleges that his conviction violated the Double Jeopardy Clause because it was based on the same conduct as his earlier state conviction. However, criminal penalties imposed on the same

conduct by separate sovereigns do not constitute double jeopardy. *Abbate v. United States*, 359 U.S. 187, 194-95 (1959).

## V.

Prescod next asserts that there was not a proper factual basis for his plea because he did not know several of the named conspirators. According to Prescod, these conspirators joined the conspiracy after he began his state prison term. However, while a defendant must have a general awareness of other alleged conspirators, it is not required that the defendant be personally acquainted with all co-conspirators or know all the details of the venture. *Blumenthal v. United States*, 332 U.S. 539, 556-57 (1947). Regardless, Prescod pled guilty to a conspiracy involving the persons named in the indictment. Prescod's guilty plea alone provides a sufficient factual basis that all persons named were involved. *See United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993) (guilty plea waives right to contest factual merit of charges).

## VI.

Prescod contends that the evidence was insufficient at sentencing to support his firearm enhancement because no weapon was found in his proximity (presumably, at the time of his arrest). A district court's determination as to whether a firearm was present and justifies enhancement is a factual determination reviewed for clear error. *United States v. Apple*, 915 F.2d 899, 914 (4th Cir. 1990). Under *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (2000), possession of a dangerous weapon in the course of a drug crime, including a firearm, subjects the defendant to a two-level sentencing enhancement. The adjustment applies "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment. (n.3).

The evidence at the sentencing hearing showed that, during the police investigation, Prescod was seen carrying firearms, and a picture of Prescod with a firearm was seized from his home. The officer who testified at sentencing stated that Prescod threatened to shoot people who owed him money for drugs. Finally, Prescod's criminal history included a 1992 conviction for carrying a concealed weapon.

Consequently, the district court did not err in subjecting Prescod to this enhancement.

## VII.

Prescod contends that the prosecutor committed reversible error when she permitted the officer at sentencing to testify that he had evidence of $25,000 of wired money transfers when he, in fact, only had $2000. However, the record reflects that the officer stated that, while a large number of receipts were not with him at the courthouse, the total reflected by the evidence within his possession was $25,000. The district court was able to view this witness and assess his credibility. Prescod offers no proof that the officer did not have the receipts he claimed to possess. Accordingly, there was no evidence of prosecutorial misconduct.

## VIII.

Finally, Prescod alleges that his attorney was ineffective in numerous ways. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, federal prisoners must ordinarily pursue such claims in a motion under 28 U.S.C. § 2255 (2000). *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. *King*, 119 F.3d at 295. The record in this appeal does not conclusively establish ineffective assistance of counsel.

## IX.

We have carefully reviewed Prescod's remaining claims and find them to be without merit. In addition, in accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Prescod's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may

move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*