**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3701
_____

WILLIAM ALFRED PRESCOD, JR.,
Appellant

v.

WARDEN SCHUYLKILL, FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 13-cv-01123)
District Judge:  Honorable John E. Jones, III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 9, 2015
Before:  FUENTES, SHWARTZ and ROTH, Circuit Judges

(Opinion filed November 6, 2015)
_____

OPINION[*]
_____

PER CURIAM

Pro se appellant William Prescod seeks review of the District Court's order

denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the

reasons discussed below, we will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

On March 15, 1996, Prescod pleaded guilty in North Carolina to a state drug charge, and was sentenced to a term of five years of imprisonment, with credit for 349 days of time served. On October 30, 1996, Prescod escaped state custody and was not returned until July 13, 2000. While an escapee, he was indicted by federal authorities for drug charges which were related to the state drug trafficking conviction. On August 27, 2000, Prescod was transferred into federal custody pursuant to a writ of habeas corpus ad prosequendum to face the federal charges; he remained subject to the jurisdiction of North Carolina until March 15, 2001, when he was paroled from his state sentence. See Rios v. Wiley, 201 F.3d 257, 273 n.14 (3d Cir. 2000) ("[A] prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner.").

Prescod pleaded guilty in the United States District Court for the Western District of North Carolina to conspiracy to possess with intent to distribute at least 1.5 kilograms of cocaine base, for which he was sentenced on February 12, 2002, to 360 months of imprisonment.[1] His judgment of sentence was affirmed on direct appeal. See United States v. Prescod, 59 F. App's 526 (4th Cir. 2003). The Federal Bureau of Prisons credited his federal sentence for the time served from March 15, 2001, the date he was paroled, until February 11, 2002, the day before he was sentenced.

In 2011, Prescod sought credit for time served in the state prison by requesting the BOP to designate, *nunc pro tunc*, the state prison as a federal place of confinement. The

---

[1] The federal sentence was subsequently reduced to 292 months of imprisonment.

warden at FCI Schuylkill declined his request. In his appeal to the BOP regional director, Prescod requested that the BOP contact the sentencing judge to solicit his opinion regarding a retroactive concurrent designation of the state prison for service of his federal sentence. The regional director denied the request after determining that the federal sentence did not commence until after his state sentence had been fully discharged. Prescod appealed to the central office, arguing that this Court's decision in Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990), and U.S.S.G. § 5G1.3, supported a *nunc pro tunc* designation. The appeal was denied on the basis that Prescod's state sentence was completed prior to his federal sentencing and, therefore, was not governed by either Barden or § 5G1.3.

Prescod filed his habeas petition arguing that the BOP erred in failing to contact the sentencing court to determine whether it objected to a retroactive designation of the state prison as his place of federal confinement. The District Court denied the petition, agreeing with the BOP that, because his state sentence was completed prior to the commencement of his federal sentence, Prescod was not eligible for a *nunc pro tunc* designation. This appeal ensued.

To the extent Prescod's claim challenges the BOP's calculation of sentence credits, it is cognizable in a § 2241 petition. See United States v. Grimes, 641 F.2d 96, 99 (3d Cir. 1981). It is clear that he exhausted all of his administrative remedies and therefore the petition was ripe for review. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). We have jurisdiction under 28 U.S.C. § 1291. We exercise

3

de novo review over the denial of Prescod's habeas petition. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

We agree with the District Court that Prescod is not entitled to relief. The authority to calculate a federal prisoner's period of incarceration for a federal sentence imposed and to provide credit for time served is delegated to the Attorney General, who acts through the BOP. United States v. Wilson, 503 U.S. 329, 334-35 (1992). In calculating the sentence, the BOP determines (1) when the federal sentence commenced, and (2) whether there are any credits to which the prisoner may be entitled. See 18 U.S.C. § 3585. In the instant case, the BOP correctly determined that, pursuant to § 3585(a), Prescod's federal sentence commenced on February 12, 2002, the date the sentence was imposed. United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980) ("[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served."). With the exception of approximately six months[2], Prescod's time in state custody was credited towards his state sentence, and therefore could not be credited towards his federal sentence. See 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . *that has not been credited against another sentence*.") (emphasis added).

---

[2] In response to the habeas petition, the BOP credited Prescod's federal sentence for time served in state prison for the period from August 20 1994 (the date of his state arrest), until March 2, 1995, because it had not been credited towards his state sentence. The time served in state custody from March 2, 1995 to April 1, 1995, was credited against an unrelated federal sentence.

Pursuant to 18 U.S.C. § 3621, the BOP may designate the place of a prisoner's confinement. In Barden, we recognized the authority of the BOP under § 3621 to designate the state prison as a place of federal confinement *nunc pro tunc*. Barden, 921 F.2d at 478; accord Romandine v. United States, 206 F.3d 731, 738 (7th Cir. 2000) (the BOP has the practical power to "make the federal sentence run concurrently by designating the state prison as a place of federal confinement, so that the clock would start to tick on the federal sentence."). Under BOP Program Statement 5160.05, which governs implementation of § 3621, state and federal sentences should run concurrently "only when it is consistent with the intent of the sentencing Federal court, or with the goals of the criminal justice system." In determining the intent of the sentencing court, the BOP considers the judgment of convictions, as well as federal and state sentencing data. BOP PS 5160.05, ¶ 9(b)(4)(b). "[I]f a designation for concurrent service may be appropriate" the BOP "will send a letter to the sentencing court . . . inquiring whether the court has any objections." BOP PS 5160.05, ¶ 9(b)(4)(c). Prescod argues on appeal that the BOP abused its discretion in failing to follow the guidelines of Program Statement 5160.05 in denying his request for a *nunc pro tunc* designation. Specifically, he argues that the BOP was required to contact the sentencing court and to review the trial transcripts and sentencing guidelines prior to making its decision.[3]

We find no abuse of discretion. Prescod acknowledges that the sentencing court did not express an intent to credit him for the time spent in state custody, nor could it

---

[3] Prescod's arguments in support of this claim are varied, and appear to have changed overtime. In the interest of completeness, we will address each of them in turn.

because the state sentence had already been discharged.  See United States v. Lucas, 745 F.3d 626, 630 (2d Cir. 2014) (federal courts lack the authority to order that a sentence run concurrently with a sentence which has been completely discharged).  Moreover, our decision in Barden does not extend to Prescod's situation where the state sentence has been fully discharged prior to imposition of the federal sentence.  As noted above, a federal sentence cannot commence before it is imposed, 18 U.S.C. § 3585(a), and Prescod points to no authority that holds that a *nunc pro tunc* designation would operate to commence a sentence earlier.  Because it was clear that Prescod was ineligible for a *nunc pro tunc* designation, the BOP had no obligation to contact the sentencing court to solicit its opinion regarding retroactivity.  See BOP PS 5160.05, ¶ 9(b)(4)(e) (noting that the BOP need not write a letter to the sentencing court "if it is determined the concurrent designation is not appropriate.").

Prescod argues on appeal that, at the time of his sentencing, he was entitled to a downward departure pursuant to U.S.S.G. § 5G1.3(b) and "§ 5G1.3, application n. 7 (2000)," because his state and federal crimes are based on the same relevant conduct; as a result, he maintains the BOP erred in failing to contact the sentencing court to determine whether these guideline provisions were "in fact discussed at sentencing."  To the extent Prescod is seeking to challenge an error made by the sentencing court, as opposed to the BOP in its implementation of a sentence, it is inappropriate for a § 2241 petition. See United States v. Eakman, 378 F.3d 294, 297 (3d Cir. 2004); United States v. Jalili, 925 F.2d 889, 893–94 (6th Cir. 1991).  In any event, we find his reliance on § 5G1.3 is mistaken.  Section 5G1.3(b) of the Sentencing Guidelines refers only to *undischarged*

6

terms of imprisonment. See Ruggiano v. Reish, 307 F.3d 121, 127 (3d Cir.2002). There is no merit to Prescod's contention that, because he was on parole at the time of his federal sentencing, his state sentence was "undischarged." We have expressly rejected this argument, holding that the term "imprisonment" in § 5G1.3 "means actual incarceration, not parole." See United States v. Pray, 373 F.3d 358, 362 (3d Cir. 2004). Accordingly, despite his status as a state parolee, Prescod was not subject to an undischarged term of imprisonment.

Furthermore, contrary to his initial contention, the Guidelines did not permit downward departure based on a discharged sentence at the time of Prescod's sentencing. Amendment 645, which became effective in November 2002 (nine months *after* Prescod was sentenced), amended the commentary to Section 5G1.3 to explain that a downward departure based on a discharged sentence was permissible under that section.[4] See U.S.S.G. § 5G1.3, app. n. 7 (2002). Because it was not applicable at the time of his sentencing, the BOP did not abuse its discretion in failing to contact the sentencing court for clarification.

Based on the foregoing, the BOP acted in accordance with Program Statement 5160.05, and properly denied Prescod's request for *nunc pro tunc* designation. The District Court's order will therefore be affirmed.

---

[4] Amendment 645 is not listed in U.S.S.G. § 1B1.10(c) as an amendment which may be applied retroactively. See United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995) (amendment not listed in § 1B1.10(c) is not given retroactive effect).