**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Bradley S. NEWBY, Defendant–Appellee.**

No. 00–5978.

United States Court of Appeals, Sixth Circuit.

June 15, 2001.

Before JONES, SUHRHEINRICH, and DAUGHTREY, Circuit Judges.

The government appeals from the district court's sentence of the defendant, Bradley Newby. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Newby pleaded guilty to possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(8) & (9). The district court sentenced Newby to 24 months of imprisonment and three years

of supervised release, and the court imposed a $100 special assessment. The court also gave Newby credit for 12 months on his term of imprisonment for time he previously served for a state court conviction. The government has filed a timely appeal, arguing that the district court should not have credited Newby for the time served on a discharged term of imprisonment.

Upon review, we conclude that the district court erred in granting Newby credit on his sentence. Newby's current conviction arose out of a domestic dispute with his estranged wife. During their arrest of Newby for assaulting his wife, police officers discovered three firearms in his residence. One of these weapons served as the basis for Newby's federal firearm conviction. As a result of this same incident, Newby was convicted in state court of assault, spouse abuse, resisting arrest, and violation of a protective order, and the state court sentenced him to 12 months of imprisonment. Newby had completed serving this term of imprisonment prior to his sentencing for the federal conviction. The district court concluded that it had the discretion under USSG § 5G1.3(c) to run Newby's federal sentence concurrently to the discharged state sentence, and the court imposed its sentence accordingly.

The district court improperly concluded that it had the discretion under § 5G1.3(c) to run Newby's federal sentence concurrently with the discharged state sentence. Under that guideline section, a sentence may be imposed to run concurrently, partially concurrently, or consecutively to a prior undischarged term of imprisonment. By its terms, § 5G1.3(c) only applies to a defendant serving an undischarged term of imprisonment at the time of his federal sentencing. *United States v. Otto*, 176 F.3d 416, 418 (8th Cir. 1999); *United States v. Turnipseed*, 159

F.3d 383, 386 (9th Cir.1998); *United States v. Rizzo*, 121 F.3d 794, 800 (1st Cir.1997); *United States v. McHan*, 101 F.3d 1027, 1040 (4th Cir.1996); *United States v. Brassell*, 49 F.3d 274, 279 (7th Cir.1995); *United States v. Ogg*, 992 F.2d 265, 266 (10th Cir.1993). Since Newby's term of imprisonment for the state conviction was completed and discharged, the district court lacked authority under § 5G1.3(c) to run the sentences concurrently.

■ Newby argues that, even if the court could not run the sentences concurrently under § 5G1.3(c), the discharged term of imprisonment provides a basis for the district court to depart downward in sentencing him. Indeed, a district court does have the authority to depart downward from the Sentencing Guidelines range in order to give the defendant credit for time served on an expired state sentence. *Otto*, 176 F.3d at 418; *United States v. O'Hagan*, 139 F.3d 641, 657–58 (8th Cir.1998); *United States v. Blackwell*, 49 F.3d 1232, 1241 (7th Cir.1995). However, the court must provide notice to the parties before sua sponte departing upward or downward from the applicable Guidelines range. *Burns v. United States*, 501 U.S. 129, 138, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991); *United States v. Hayes*, 171 F.3d 389, 393 (6th Cir.1999). In this case, the court was not exercising its authority to depart downward when it sentenced Newby; instead, the court mistakenly relied on § 5G1.3(c). Therefore, the court never notified the parties that it was considering a downward departure because of the discharged state sentence.

Accordingly, this court vacates the district court's judgment and remands the case for resentencing.