*101 SUMMARY ORDER
Defendants-Appellants Shevah Yarde and Jason Walton pled guilty to one count of conspiracy to distribute crack cocaine and one count of possessing a firearm in furtherance of a drug trafficking crime. The United States District Court for the Southern District of New York (Stein, J..) sentenced Yarde and Walton to a term of ten years’ imprisonment on the drug charge, to be followed by a consecutive term of five years’ imprisonment on the firearms charge.
On appeal, both defendants challenge the District Court’s conclusion that it lacked authority to adjust the ten-year mandatory minimum sentence on the drug charge to account for previously discharged state sentences. At sentencing, the defendants argued that their federal sentence on the drug charge should be adjusted pursuant to U.S.S.G. § 5G1.3(b) in a manner that accounts for their prior state sentences for offenses that were related to the instant case. Specifically, Yarde noted that he had served approximately 40 months in state custody for three prior state sentences that were related to the drug conspiracy at issue here and was released from prison in September 2003. Similarly, Walton indicated that he had completed two prior state sentences for related conduct. He was released in September 2001.
Under the circumstances of this case, where Yarde’s and Walton’s state sentences, for conduct “related” to that which is before us, were discharged long before their federal sentences were imposed (almost five and seven years, respectively), we conclude that the District Court lacked the authority to adjust their sentences below the statutorily mandated minimum term of imprisonment in order to reflect time that they had previously served. See United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir.1998).
Defendants also argue that the District Court’s imposition of a consecutive five-year sentence for their firearms conviction was improper in light of our recent decisions in United States v. Whitley, 529 F.3d 150 (2d Cir.2008), and United States v. Williams, 558 F.3d 166 (2d Cir.2009). They request a remand with instructions to resentence.
We deny their requests. Walton and Yarde both entered into valid plea agreements in which they waived their rights to appeal.[2] This Court enforces a waiver of the right to appeal that a defendant enters into knowingly and voluntarily. See United States v. Ready, 82 F.3d 551, 557 (2d Cir.1996). Walton and Yarde claim they did not enter into the agreement knowingly and voluntarily because they were misled about the applicability of 18 U.S.C. § 924(c)’s five-year mandatory minimum sentence, given this Court’s holding in United States v. Whitley, 529 F.3d 150 (2d Cir.2008). But as this Court held in United States v. Morgan, 406 F.3d 135, 137 (2d Cir.2005), waivers of the right to appeal remain enforceable even where the grounds for the appeal were not known until after the defendant entered into the plea agreement. As a result, Appellants’ requests for remand with instructions to resentence are unavailing.
In response to this panel’s questions at oral argument, Walton and Yarde now request to withdraw their guilty pleas *102 entirely. Because they did not make this claim in their original appeal, we consider it forfeited. We note that this result is not unjust because this Court’s decision in United States v. Roque, 421 F.3d 118, 124 (2d Cir.2005), found a similar request mer-itless. Roque rejected a defendant’s attempt to withdraw a guilty plea where the defendant argued that a shift in the law subsequent to the plea agreement created a mutual mistake. Roque reasoned that “in opting for certainty, both parties accepted the risk that conditions relevant to their then-contemporary bargain, including federal sentencing law, might change.” Id. at 123. In effect, that is what happened here.
We .have considered all of Yarde’s and Walton’s claims on appeal and find them either unpreserved or without substantial merit. Accordingly, we DISMISS their appeals and AFFIRM their sentences.

. We note that the Government conceded in its brief and at oral argument that only the WilliamsfWhitley argument was barred by the appellate waiver. See Government Brief, at 37 n.*