PS5-119                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1027
_____

AL HAYY HASAN,
                                                              Appellant

v.

T.R. SNIEZEK, Warden


_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1:09-cv-01482)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 10, 2010

Before:  SMITH, FISHER and GARTH, Circuit Judges.

(Filed: May 10, 2010)
_____

OPINION
_____

PER CURIAM

        Al Hayy Hasan, a pro se inmate, appeals the order of the United States District

Court for the Middle District of Pennsylvania denying his petition for habeas corpus

under 28 U.S.C. § 2241.  Hasan argues that the Bureau of Prisons ("BOP") miscalculated

his current sentence by failing to credit him with time served on a federal sentence previously imposed by the District Court for the District of New Jersey for a supervised release violation. For the reasons that follow, we will affirm.

I.

On July 16, 2001, Hasan was sentenced in federal court in New Jersey to sixty months of imprisonment, followed by five years of supervised release, after being convicted of bank fraud. He was released from federal custody for good conduct on April 22, 2004, and he began serving his five-year term of supervised release.

On August 12, 2005, Hasan was arrested by local authorities in Pennsylvania on a new charge of bank fraud. Hasan was released from custody that day, and on November 4, 2005, he was arrested by federal authorities in connection with the new bank fraud charge. As a result of this offense, two years later, on November 8, 2007, the District Court for the District of New Jersey found Hasan guilty of violating his previously imposed term of supervised release by committing another offense. The court revoked his supervised release and sentenced him to a term of imprisonment of twenty-seven months. Hasan received credit for time served on August 12, 2005; November 4, 2005 through October 19, 2007; and November 8, 2007. At the time of his sentencing on November 8, 2007, he had already completed serving his twenty-seven-month sentence for violating the terms of his supervised release.

2

Hasan remained in federal custody on a detainer for the August 2005 offense. On April 2, 2008, the District Court for the Eastern District of Pennsylvania convicted Hasan of bank fraud, stemming from the August 2005 incident, and sentenced him to sixty months of imprisonment, followed by five years of supervised release. The BOP calculated Hasan's new sixty-month sentence by crediting him with 164 days of credit for time served from October 20, 2007 through April 1, 2008 (excluding November 8, 2007, for which he had received credit in his prior sentence). According to the BOP, Hasan is scheduled to be released from this sentence via good conduct on February 26, 2012.

After challenging the BOP's sentencing calculation, Hasan filed this petition for habeas corpus. In his petition, he claimed that the BOP erred in failing to credit his current sentence with the time he served on his sentence for his supervised release violation. The District Court denied the petition, finding that Hasan was awarded all credit for which he was entitled. After the District Court denied his motion for reconsideration, Hasan appealed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions, and review its factual findings for clear error. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007). The authority to calculate a federal prisoner's period of incarceration for the federal sentence imposed and to provide credit for time served is delegated to the Attorney General, who

3

acts through the BOP. United States v. Wilson, 503 U.S. 329, 334-35 (1992). A challenge to the BOP's execution of a sentence is properly brought under 28 U.S.C. § 2241. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241-43 (3d Cir. 2005).

In calculating a federal prisoner's sentence, the BOP determines: (1) when the federal sentence commenced, and (2) whether there are any credits to which the prisoner may be entitled. See 18 U.S.C. § 3585. With respect to pre-sentence credit, § 3585(b) provides that a federal prisoner is statutorily entitled to credit for time spent in official detention prior to the date his federal sentence commences that resulted from: (1) the offense for which the sentence was imposed; or (2) any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed. The time must not have been credited against another sentence. See 18 U.S.C. § 3585(b).

In the instant case, the BOP correctly determined that Hasan is not entitled to any credit against his federal sentence for the time spent in detention prior to October 20, 2007 and on November 8, 2007, because 18 U.S.C. § 3585(b) prohibits this double credit. Wilson, 503 U.S. at 337 (stating that Congress made clear in § 3585(b) that a prisoner can "not receive double credit for his detention time"); see also Vega, 493 F.3d at 314. As explained by the District Judge, that time was credited to Hasan's sentence for the violation of supervised release.

4

Hasan argues that, under U.S.S.G. § 5G1.3, he should have received credit for the twenty-seven-month sentence already discharged because his previously served sentence was imposed for conduct that was relevant to the charge in this case. Specifically, he argues that because both the supervised release violation charge and the bank fraud charge arose out of the same incident (his August 2005 arrest), his two sentences should have been imposed to run concurrently pursuant to § 5G1.3(b). A challenge under the sentencing guidelines goes to an error allegedly committed by the sentencing court, as opposed to the BOP in its implementation of a sentence, and is thus inappropriate for a § 2241 petition. See United States v. Eakman, 378 F.3d 294, 297 (3d Cir. 2004); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991). In any event, we find that Hasan's reliance on § 5G1.3 is mistaken. Section 5G1.3 of the Sentencing Guidelines refers only to undischarged terms of imprisonment. See Ruggiano v. Reish. 307 F.3d 121, 127 (3d Cir. 2002). Hasan had completed his sentence for the supervised release violation approximately five months before he was sentenced for the instant offense. See United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998). Thus, by the time Hasan was sentenced in this case, his term of imprisonment for the previous charge of violation had been discharged.[1]

---

[1]Hasan also argues for the first time on appeal that he should have been provided an adjustment in his sentence pursuant to U.S.S.G. § 5K2.23, which authorizes a sentencing court to depart downward in certain circumstances. Hasan did not raise this claim in his habeas corpus petition, and we generally do not consider arguments raised for the first time on appeal. See Inductotherm Indus., Inc. v. U.S., 351 F.3d 120, 126 n.9 (3d

5

III.

For the foregoing reasons, we will affirm the order of the District Court denying

Hasan's habeas corpus petition.  Hasan's motion to expedite the appeal is denied.

---

Cir. 2003).  Furthermore, this argument challenges the validity, as opposed to the
execution, of Hasan's sentence, and is thus inappropriate for a § 2241 petition.  See
Eakman, 378 F.3d at 297; Jalili, 925 F.2d at 893-94.