12-4840-cr (L)
United States v. Lucas

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2013

(Argued: March 4, 2014     Decided: March 17, 2014)

Docket Nos. 12-4840-cr (Lead), 13-743-cr (Con), 13-1075-cr (Con)

UNITED STATES OF AMERICA,

*Appellee*,

— v. —

TERRELL LUCAS, AKA Ruger Rell, MICHAEL GLOVER, AKA Mike-Mike,
JAMES HARDY, AKA Light,

*Defendants - Appellants*,

PRESTON HARDY, AKA Peanut, JAMES GLOVER, AKA Tone, TERRANCE GONZALEZ,
AKA Gucci, AKA Geeze, AUDAI HOWARD, AKA Buck, JOSHUA JENKINS,
MIGUEL MARQUEZ, AKA Mikey, AKA Corleone, GENE THOMAS, AKA J-Biz,
SHAWN THOMAS, AKA Bigs, BRANDON WILLIAMS, AKA Big Boy,

*Defendants.*

B e f o r e:

PARKER, LYNCH, and DRONEY, *Circuit Judges*.

1

Defendants-Appellants Terrell Lucas, Michael Glover, and James Hardy pled guilty to drug distribution and gun charges stemming from a long-running drug trafficking conspiracy. On appeal, they argue that the district court misunderstood its authority to run their federal sentences concurrently with prior discharged terms in state prison. Because both U.S.S.G. § 5G1.3(b) and 18 U.S.C. § 3584(a) empower district courts to run sentences concurrently only to "undischarged" terms of imprisonment, we affirm the district court's judgment.

AFFIRMED.

-------

RICHARD PALMA, ESQ., New York, New York, *for* Defendant-Appellant Terrell Lucas.

PAUL P. RINALDO, ESQ., Grossman & Rinaldo, Forest Hills, New York, *for* Defendant-Appellant Michael Glover.

FRANCISCO E. CELEDONIO, ESQ., Law Office of Francisco Celedonio, New York, New York *for* Defendant-Appellant James Hardy.

ANDREW BAUER, Assistant United States Attorney (Justin Anderson, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

-------

PER CURIAM:

Defendants-Appellants pled guilty in the Southern District of New York (Cathy Seibel, *Judge*) to conspiring to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a), 841(b), and 846, and to using and carrying a firearm during and in relation to that conspiracy in violation of 18 U.S.C. § 924(c). The district court sentenced all three defendants to the mandatory minimum term of imprisonment on both counts, ten years for the drug charge,[1] and five years for the gun charge. At issue in this sentencing appeal is whether the district court had authority to impose less than the mandatory minimum sentences by running those sentences concurrently to completed prison terms appellants previously served on related state charges.

Appellants all participated in the charged conspiracy for several years prior to their federal indictment. All served time in state prison for crimes that were part of the conspiracy and those offenses were "relevant conduct" under U.S.S.G. § 1B1.3 for the federal crimes. All finished serving those sentences

_____

[1] Given the nature and quantity of drugs involved, appellants would normally have faced five-year mandatory prison sentences, but because all three appellants had prior drug-related felony convictions, the minimum was increased to ten years of imprisonment. See 18 U.S.C. § 841(b)(1)(B).

before they pled guilty in federal court.  But at sentencing, the district court concluded that it did not have authority to adjust appellants' sentences by running those sentences concurrently to those discharged terms.

The Sentencing Guidelines instruct district courts to run a prison term "concurrently to the remainder of [any] undischarged term of imprisonment" if the recommended "term of imprisonment resulted from another offense that is relevant conduct to the . . . offense of conviction."  U.S.S.G. § 5G1.3(b).  In other words, when the defendant is serving time on a prior conviction that relates to the new charge, the Guidelines direct that the defendant serve the new sentence parallel to the old.[2]  The Sentencing Commission grounds the Guideline in the power vested in district courts by 18 U.S.C. § 3584(a).  See § 5G1.3 cmt. background.  That statute gives district courts discretion to run a sentence concurrently where "a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment," although the statute also makes clear that a court retains the discretion to run terms consecutively

---

[2]  The language of § 5G1.3(b) is mandatory.  However, as will be seen below, we can dispose of this case without expressing any view as to the extent to which that guideline retains mandatory force after United States v. Booker, 543 U.S. 220 (2005).

when it sees fit.  In <u>United States v. Rivers</u>, 329 F.3d 119 (2d Cir. 2003), we held

that a 46-month sentence did not dip below the mandatory 60-month statutory

minimum because it actually reflected a 64-month sentence imposed

concurrently with an undischarged state term of imprisonment where the

defendant had already served 18 months.  The adjustment for the 18 months

already served was "similar to that of a credit," and was "no less proscribed by

the statutory minimum than where the prisoner is credited by the BOP for time

already served."  <u>Id</u>. at 122.

On appeal, as before the district court, appellants argue that the principle

embodied in § 5G1.3(b) and applied in <u>Rivers</u> applies with equal force to prison

terms that defendants have already served.  In other words, appellants urge this

court to stretch the meaning of "*undischarged* term of imprisonment" in § 5G1.3(b)

to encompass *discharged* terms of imprisonment.  Were we to interpret § 5G1.3(b)

as appellants suggest, the district court would be authorized to sentence all three

appellants to serve less time in federal prison than the mandatory 15-year terms

imposed by the court.

We reject appellants' argument.[3]  Section 5G1.3(b) cannot be interpreted to mean more than it says.  The text refers only to "undischarged" prison terms.[4]  Even if that word were ambiguous, which it manifestly is not, the Guideline would still be constrained by the limits of its enabling statute.  As the First Circuit has explained, "[a] defendant's eligibility for [a benefit under § 5G.1.3(b)] is derivative of his eligibility for a concurrent sentence" under 18 U.S.C. § 3584.  United States v. Ramirez, 252 F.3d 516, 519 (1st Cir. 2001).  And § 3584 delineates

---

[3]  This is not the first time we have addressed that argument.  We have rejected it in nonprecedential summary orders, essentially for the same reasons set forth in this opinion.  See United States v. Hill, 455 F. App'x 121, 124-25 (2d Cir. 2012); United States v. Strand, 336 F. App'x 99, 101 (2d Cir. 2009); United States v. Wint, 142 F. App'x 11, 13 (2d Cir. 2005).

[4]  Our sister circuits have repeatedly emphasized that § 5G1.3 does not apply to discharged terms of imprisonment.  See  Hasan v. Sniezak, 379 F. App'x 232, 235 (3rd Cir. 2010) (explaining that "reliance on § 5G1.3 (b) is mistaken" where defendant has already completed his prior prison sentence);  United States v. Carpenter, 359 F. App'x 553, 557-58 (6th Cir. 2009) (concluding that neither subsection (b) or (c) of  § 5G1.3 applies to discharged sentences); United States v. Fay, 547 F.3d 1231, 1236 (10th Cir. 2008) (reasoning that district court lacked authority to impose a sentence to be served concurrently with a discharged state sentence), United States v. Cole, 416 F.3d 894, 897-98 (8th Cir. 2005) (holding that defendant no longer qualified for a concurrent sentence credit where his state term of imprisonment expired between his original sentencing date and his resentencing); United States v. Ramirez, 252 F.3d 516, 518-19 (1st Cir. 2001) (explaining that plain language of § 5G1.3(b) cannot be stretched to cover discharged sentences); United States v. Turnipseed, 159 F.3d 383, 387 (9th Cir. 1998) (same).

two categories of defendants who qualify for a concurrent sentence: those subject to "multiple terms of imprisonment . . . imposed . . . at the same time," and those who are "already subject to an undischarged term of imprisonment." Nothing in the statute authorizes the district court to extend the benefit of a concurrent sentence to a third category of defendants, those who have previously served sentences, now completed, for related crimes.

Our decision in <u>Rivers</u> offers appellants no comfort. As noted above, we held there that adjusting a sentence to run concurrently with an undischarged term of imprisonment is "no less proscribed by the statutory minimum than where the prisoner is credited by the BOP for time already served." 329 F.3d at 122. But as that passage from <u>Rivers</u> suggests, absent express statutory authority, a statutory minimum term of imprisonment *does* "proscribe" the conferral of a sentencing break.[5] A district court must impose a mandated minimum unless a

[5] Of course, in the absence of a mandatory minimum sentence, the district court retains the discretion to take into account any prior discharged sentences served by a defendant to the extent that the fact of such a prior sentence bears on the determination of what sentence is sufficient, but not more than necessary, to serve the purposes of punishment set forth in 18 U.S.C. § 3553(a). Indeed, the Guidelines recommend that the district court consider lowering a sentence where a defendant has completed a term of imprisonment on a related crime. Although a vestige of the days when a guidelines sentence was mandatory absent grounds for departure, the current version of § 5K2.23 still instructs district courts that "[a]

more specific statutory provision allows the court to impose a lower sentence. As we explained in United States v. Labeille-Soto, 163 F.3d 93 (2d Cir. 1998), § 3584(a) does not provide courts with such a power in this case: "From th[e] section's use of the modifier 'undischarged,' it may reasonably be inferred that Congress did not intend to allow the court to make a new prison term run concurrently with a prison term that has already been completed." Id. at 98.

Appellants suggest that 18 U.S.C. § 3553 endows courts with authority to craft a reasonable sentence that reflects time already served on related state charges. But we have held that the general instructions in § 3553 cannot trump a specific statutory command to impose a minimum sentence. See United States v. Samas, 561 F.3d 108, 110 (2d Cir. 2009) ("[A] district court must impose a statutorily mandated sentence even if the court would reach a different determination if it considered only § 3553(a)"). Thus, the appellant in Rivers was in a different position than the appellants here – Rivers could point to a statute

---

downward departure may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of § 5G1.3 . . . would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense." But neither a non-guidelines sentence nor a § 5K2.23 departure may go below a statutory minimum absent specific statutory authorization.

that authorized the court to adjust his sentence in light of his time in state prison, while appellants here cannot.[6]

Lucas (but not the other appellants) argues that our reading of U.S.S.G. § 5G1.3(b) and 18 U.S.C. § 3584 may lead to irrational results. A defendant who finishes serving a state term while awaiting a hearing date in federal court, for example, will not receive the benefit of a concurrent sentence even though he might have qualified for one had the federal case proceeded more quickly. Lucas argues that this renders the statutory distinction between undischarged and discharged sentences unconstitutional under the equal protection component of the Fifth Amendment's due process clause. But as Lucas concedes, the distinction between unfinished and completed sentences need only survive rational basis review to pass constitutional muster. See Griffin v. Mann, 156 F.3d 288, 291 (2d Cir. 2008) (applying rational basis scrutiny to sentencing

---

[6] Our analysis is consistent with that of the Seventh Circuit. That court too has held, as we did in Rivers, that a sentencing court could comply with a mandatory minimum sentence by adjusting that sentence to reflect time already served on an undischarged state sentence with which the federal sentence could be made to run concurrently. United States v. Ross, 219 F.3d 592 (7th Cir. 2000). The court later ruled that such an adjustment was not available where a defendant's prior state sentence was discharged, because § 3584(a) would not permit concurrent sentencing. United States v. Cruz, 595 F.3d 744, 746-47 (7th Cir. 2010).

enhancements). Under that generous standard of review, the "differential"

between sentences "must be upheld against an equal protection challenge if there

is any reasonably conceivable state of facts that could provide a rational basis for

the classification." United States v. Thomas, 628 F.3d 64, 70 (2d Cir. 2010)

(brackets omitted).

Therefore, in order to prevail on this claim, Lucas must overcome the

"challenged classification['s] strong presumption of validity" by rebutting "every

conceivable basis which might support it." Id. at 70-71 (internal quotation marks

omitted). Lucas has not met this considerable burden. While Lucas has

suggested that his individual circumstances do not present the same concerns

that might have motivated Congress to distinguish between discharged and

undischarged sentences,[7] he fails to demonstrate that there are no plausible

---

[7] See e.g., United States v. Dunham, 295 F.3d 605, 611 (6th Cir. 2002) ("That distinction ensures that if two defendants who are convicted of identical state law crimes are subsequently convicted on a federal charge for the same conduct . . . then those two defendants will serve an equal term of imprisonment upon their conviction . . . ."); United States v. Otto, 176 F.3d 416, 418 (8th Cir. 1999) (holding that allowing for concurrent sentences when the defendant is subject to an undischarged term of imprisonment is rational because with undischarged sentences there is uncertainty as to the amount of time a defendant will actually serve whereas there are no such contingencies in regard to a discharged sentence).

reasons for Congress to have drawn the distinction at issue.  See FCC v. Beach

Commc'ns, 508 U.S. 307, 313-14 (1993).

In sum, we hold (1) that neither U.S.S.G. § 5G1.3 nor 18 U.S.C. § 3584

authorizes a district court to run a term of imprisonment concurrently with a

discharged term of imprisonment on related charges, and (2) that those

provisions' distinctions between discharged and undischarged terms are not

irrational.

We have reviewed appellants' remaining arguments and conclude they are

without merit.  Accordingly, the judgment of the district court is hereby

**AFFIRMED**.