*United States v. Belanger*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 17th day of March, two thousand seventeen.

Present:     ROBERT A. KATZMANN,
                        *Chief Judge*,
             ROSEMARY S. POOLER,
             GERARD E. LYNCH,
                        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                        *Appellee*,

                        v.                                                No. 16-822

BRIAN BELANGER,

                        *Defendant-Appellant*.

_____

For Defendant-Appellant:        Lee D. Greenstein, Delmar, NY.

For Appellee:                   Steven D. Clymer and Lisa M. Fletcher, Assistant United
                                States Attorneys, *for* Richard S. Hartunian, United States
                                Attorney for the Northern District of New York, Syracuse, NY.

_____

Appeal from the United States District Court for the Northern District of New York

(Sharpe, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Brian Belanger appeals from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*) sentencing him principally to 480 months' imprisonment for sexual exploitation of a minor for the purpose of producing child pornography. Belanger challenges his sentence as substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In 2013, Belanger, who was then 21 years old, met a ten-year-old boy through an online video game. From October 2013 to January 2014, Belanger enticed the boy to create at least 15 sexually explicit videos by falsely telling him that a man was threatening Belanger's life and that the boy could help save Belanger by providing the sexually explicit videos. Specifically, Belanger instructed the victim to record himself masturbating naked, slapping his erect penis, and inserting the end of a paper clip into his urethra, among other sexually explicit acts. Belanger repeatedly explained to the victim that the person threatening Belanger's life was dictating the acts to be performed by the victim. Upon his arrest, Belanger confessed and admitted to numerous instances in which he had sexually abused minors, including repeated sexual abuse when he was in high school of several children, approximately five years of age, who attended a daycare center that Belanger's mother operated in her home. Belanger's mother also later advised agents that when Belanger was 13 or 14 years old he had tied the hands of a four-year-old boy and touched the boy's penis.

On September 16, 2015, Belanger pleaded guilty, without a plea agreement, to five counts of sexual exploitation of a minor for the purpose of producing child pornography, in violation of 18 U.S.C. § 2251(a). With a total offense level of 43 and a Criminal History

Category of I, Belanger initially faced a recommended Guidelines sentence of life imprisonment. However, because 18 U.S.C. § 2251(a) carries a statutory maximum of 30 years, Section 5G1.2(d) of the Guidelines provided for consecutive 30-year sentences on each count, resulting in an advisory Guidelines sentence of 150 years. *See United States v. Brown*, 843 F.3d 74, 79, 82 (2d Cir. 2016).

On March 15, 2016, the district court sentenced Belanger to a 15-year term of imprisonment on Count One; a 15-year term of imprisonment on Count Two, to run consecutively to the sentence on Count One; a 15-year term of imprisonment on Count Three, 10 years of which would run consecutively and 5 years of which would run concurrently to the sentences on Counts One and Two; and 15-year terms of imprisonment on each of Counts Four and Five, both to run concurrently to the sentences on all other counts. Thus, in sum, the district court sentenced Belanger to a below-Guidelines term of 40 years' imprisonment.

On appeal, Belanger argues that his sentence is substantively unreasonable because: (1) in light of Belanger's treatment outlook and the protections against recidivism that will be in place upon his release, the sentencing court placed too great a weight on the need to protect the community from him, and (2) Belanger's criminal conduct was part of a single plan and thus the imposition of consecutive sentences on various counts was unwarranted.

Our "review of a sentence for substantive reasonableness is particularly deferential . . . identifying as substantively unreasonable only those sentences that are so 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law' that allowing them to stand would 'damage the administration of justice.'" *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)). "The particular weight to be afforded aggravating and mitigating factors 'is a matter firmly committed

3

to the discretion of the sentencing judge.'" *Id.* (quoting *United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir. 2006)). "[W]e do not consider what weight we would ourselves have given a particular factor," but rather "whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008) (en banc).

In explaining its sentence, the district court emphasized the need to balance its desire for Belanger to have "some opportunity to . . . lead a productive life" against the threat that Belanger poses to young children based on "the threat he has been in the past to young children." Joint App. 93–94.[1] In light of the record in this case, we cannot say that the district court placed more weight on the need "to protect the public from further crimes of the defendant" than that sentencing factor can bear under the totality of the circumstances. 18 U.S.C. § 3553(a)(2)(C); *see also Cavera*, 550 F.3d at 191. That Belanger will be subject to a life term of supervised release upon his release from prison, and required to register as a sex offender, does not render the district court's focus on the need to protect the public unreasonable — particularly given the severity of Belanger's conduct. And Belanger's suggestion that the district court failed to consider his arguments in this regard because it did not explicitly address them is likewise unavailing. *See United States v. Villafuerte*, 502 F.3d 204, 210 (2d Cir. 2007) ("[W]e do not insist that the district court address every argument the defendant has made or discuss every § 3553(a) factor individually.").

Nor is Belanger correct that the district court erred in imposing consecutive sentences on Counts One and Two and a partially consecutive sentence on Count Three — an argument that sounds more in procedural reasonableness than in substantive reasonableness. Subject to

---

[1] The district court also noted the seriousness of the offense and the need to balance difficulties in the defendant's life against the harm the defendant had caused to "a minimum of four or five children." Joint App. 93.

4

exceptions not relevant here, 18 U.S.C. § 3584 vests district courts with discretion to run terms of incarceration concurrently or consecutively. *See United States v. Lucas*, 745 F.3d 626, 628 (2d Cir. 2014) (noting that Section 3584 "makes clear that a court retains the discretion to run terms consecutively when it sees fit"). Moreover, since the Guidelines range here (life imprisonment) exceeded the highest statutory maximum for a count of conviction (30 years), the Guidelines provided for the imposition of consecutive 30-year terms of incarceration on each of the five counts. *See* U.S.S.G. § 5G1.2(d); *Brown*, 843 F.3d at 79, 82. The district court did not abuse its discretion in imposing a partially consecutive sentence in order to effectuate a below-Guidelines term of incarceration of 480 months. In addition, to the extent Belanger's argument can be construed to challenge the district court's determination not to group Counts One, Two, and Three under U.S.S.G. § 3D1.2 as closely related counts, any such error (even assuming *arguendo* there was one) would be harmless because Belanger's Guidelines range would not have changed. *See United States v. Cramer*, 777 F.3d 597, 603 (2d Cir. 2015) ("An error in Guidelines calculation is harmless if correcting the error would result in no change to the Guidelines offense level and sentencing range.").

We have considered all of the defendant's arguments on this appeal and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5