*United States v. Severino*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand eighteen.

Present:
>    ROBERT A. KATZMANN,
>        *Chief Judge*,
>    PIERRE N. LEVAL,
>        *Circuit Judge*,
>    RICHARD M. BERMAN,
>        *District Judge*.[*]

UNITED STATES OF AMERICA,

   *Appellee*,

   v.                                                   No. 17-1046

MARIANO ALBERTO SEVERINO,

   *Defendant-Appellant*.

For Appellant:                        WALTER MACK, Doar Rieck Kaley & Mack, New York, NY.

For Appellee:                         JESSICA LONERGAN, Assistant United States

[*] Judge Richard M. Berman of the United States District Court for the Southern District of New York, sitting by designation.

Attorney (Russell Capone, Anna M. Skotko, Assistant United States Attorneys, *of counsel*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Torres, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Mariano Alberto Severino appeals from a judgment of the district court (Torres, *J.*) sentencing him to 144 months' imprisonment, the applicable statutory minimum term. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Severino argues that the district court erred in concluding that it lacked authority to sentence him to a term below the applicable statutory minimum. However, he identifies no statutory provision that would have authorized the district court to impose such a sentence, and provisions of the Sentencing Guidelines warranting departures from advisory Guidelines ranges do not, on their own, confer such authority. *See United States v. Lucas*, 745 F.3d 626, 629–30 (2d Cir. 2014) (per curiam) ("A district court must impose a mandated minimum unless a more specific statutory provision allows the court to impose a lower sentence.").

Severino's argument that the district court should have imposed a term below the statutory minimum in order to "adjust[]" for an undischarged state term of imprisonment to which he is subject, *id.* at 628 (citing *United States v. Rivers*, 329 F.3d 119, 122 (2d Cir. 2003)), has been forfeited because Severino did not raise it in his sentencing submissions or during the sentencing hearing before the district court, *see United States v. Brown*, 843 F.3d 74, 81 (2d Cir. 2016). Since

2

the argument was forfeited, we review only for plain error. *Id.* Severino cannot show that declining to make such an adjustment was plain error because there is no indication in the record that he was "already subject to an undischarged term of imprisonment" at the time of his sentencing. 18 U.S.C. § 3584(a); *see Lucas*, 745 F.3d at 629.

Similarly, Severino has waived his challenge based on the government's alleged breach of the agreement pursuant to which he pleaded guilty, since, at the sentencing hearing, his counsel expressly stated that he did not allege that the government acted arbitrarily or in bad faith. *See Brown*, 843 F.3d at 81. Moreover, his arguments in support of this challenge on appeal are squarely foreclosed by our precedent, which a panel of this Court is without power to overrule. *See Doscher v. Sea Port Grp. Sec., LLC*, 832 F.3d 372, 378 (2d Cir. 2016).

We have considered all of the parties' contentions on appeal and have found in them no basis for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3