23-6116-cr
*United States v. Rivera*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of October, two thousand twenty-four.

PRESENT:
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> EUNICE C. LEE,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                      23-6116-cr

ALEJANDRO RIVERA,

> *Defendant-Appellant*.

_____

FOR APPELLEE:                          TIFFANY H. LEE, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, New York.

FOR DEFENDANT-APPELLANT:      JOHN S. WALLENSTEIN, ESQ., Garden City, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Frank P. Geraci, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on January 26, 2023, is **AFFIRMED**.

Defendant-Appellant Alejandro Rivera appeals from the district court's judgment of conviction following his guilty plea to possessing a firearm and ammunition after a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). That conviction arose from Rivera's possession in April 2021, while on New York state parole, of a loaded 9mm semiautomatic pistol, which he discharged three times. On November 16, 2022, following his guilty plea on the federal charge, Rivera pled guilty to parole violations, namely, failure to report to his parole officer and failure to report a police contact. His parole was revoked and he was held in parole custody until December 12, 2022. In connection with his federal sentencing in January 2023, Rivera argued that he should receive a concurrent or partially concurrent sentence, under the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G."), because: (1) although he had served his state term of imprisonment on the parole violations, his parole supervision would continue until December 22, 2024; and (2) the detainer for the federal charge had been issued on June 8, 2021, when the federal complaint was filed, and, thus, the district court should deem his federal sentence to have begun running as of June 8, 2021.

On January 23, 2023, the district court sentenced Rivera principally to a term of ninety-six months of imprisonment, to be followed by three years of supervised release, and declined to impose the federal sentence to be served concurrently with any portion of his parole term. On appeal, Rivera argues that: (1) the district court incorrectly calculated his base offense level under

2

U.S.S.G. § 2K2.1 and thereby erroneously determined that his Guidelines range was 110 to 120 months' imprisonment; and (2) the district court's decision not to impose his sentence to run concurrently to any portion of his parole term was substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

### A.      Challenge to Application of Section 2K2.1

Rivera argues that the district court failed to properly calculate the Guidelines range because it incorrectly found that his 2011 conviction in New York State for attempted robbery was a crime of violence under Section 2K2.1(a)(2), which resulted in an increase in his base offense level from twenty to twenty-four. The government argues that this argument is foreclosed by the appellate waiver provision in Rivera's plea agreement. We agree.

"Waivers of the right to appeal a sentence are presumptively enforceable." *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010). We find such waivers unenforceable "only in very limited situations," including "when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence." *Id.* (internal quotation marks and citation omitted). Collectively, these exceptions to the enforceability of an appellate waiver "occupy a very circumscribed area of our jurisprudence," such that "we have upheld waiver provisions even in circumstances where the sentence was conceivably imposed in an illegal fashion or in violation of the Guidelines . . . yet was still within the range contemplated in the plea agreement." *United States v. Ojeda*, 946 F.3d 622, 629 (2d Cir.

3

2020) (internal quotation marks and citation omitted).

In his plea agreement, Rivera "waive[d] the right to appeal . . . any component of a sentence . . . which falls within or is less than the sentencing range [of seventy-seven to ninety-six months] . . . notwithstanding the manner in which the [c]ourt determines the sentence." App'x at 20. Here, the term of imprisonment imposed was ninety-six months, which fell within Rivera's appellate waiver.[1] Furthermore, the record reflects that this waiver was made knowingly, voluntarily, and competently. At the plea proceeding, the district court advised Rivera of the appeal waiver provision, confirming that Rivera understood he was "limiting [his] right to appeal the sentence in this case if . . . the [c]ourt imposed a sentence . . . of a period of imprisonment between 77 and 96 months . . . notwithstanding the manner in which the court determine[d] the sentence." App'x at 44. The district court also confirmed that no one had threatened Rivera or made any promises to him, beyond what was contained in the plea agreement, to induce him to plead guilty. Although Rivera seeks to vacate the sentence of imprisonment on the ground that the district court failed to correctly calculate the Guidelines range under Section 2K2.1, Rivera does not cite any grounds for invalidating the waiver, nor has our own independent review of the record identified any basis for not enforcing the waiver. Accordingly, we conclude that the appellate waiver provision in Rivera's plea agreement is enforceable and precludes his procedural challenge to the Guidelines calculation under Section 2K2.1. *See United States v. Buissereth*, 638 F.3d 114, 117 (2d Cir. 2011).

---

[1] We note that Rivera pled guilty, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and the parties agreed that the appropriate sentence to be imposed was seventy-seven to ninety-six months' imprisonment and that, if the district court rejected the agreement and declined to impose a sentence within that range, he could withdraw his plea. Although the district court calculated the range under the Guidelines to be higher than the range contained in the plea agreement, the district court accepted the Rule 11(c)(1)(C) agreement and imposed a ninety-six-month term of imprisonment, thereby triggering the appellate waiver.

4

### B.     Substantive Reasonableness Challenge

The government concedes that the appellate waiver does not preclude review of Rivera's remaining argument:  namely, "that the sentence imposed, 96 months consecutive to his undischarged parole violation sentence, was substantively unreasonable because it effectively increased the sentence for conduct for which he was already being punished," Appellant's Br. at 13.  *See United States v. Stearns*, 479 F.3d 175, 178 (2d Cir. 2007) (per curiam) ("Our case law makes clear that, although [defendant] explicitly waived his right to appeal the length of his sentence, he did not waive the right to appeal the decision to impose that sentence partially concurrently with his state sentence.").

We review a challenge to the substantive reasonableness of a sentence, including the decision as to whether to impose a concurrent or consecutive sentence, under the deferential abuse-of-discretion standard.  *See United States v. Rodriguez*, 715 F.3d 451, 451 (2d Cir. 2013) (per curiam); *accord United States v. Brennan*, 395 F.3d 59, 66 (2d Cir. 2005).  Thus, we "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Perez-Frias*, 636 F.3d 39, 42 (2d Cir. 2011) (per curiam) (internal quotation marks and citation omitted).  In other words, a sentence is substantively unreasonable only if "affirming it would damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Park*, 758 F.3d 193, 200 (2d Cir. 2014) (per curiam) (internal quotation marks and citation omitted).

As a threshold matter, we note that, by the time of Rivera's sentencing, he had already served the term of imprisonment on his parole violations and was no longer incarcerated.  Rivera

5

nevertheless argued to the district court that it should run his federal sentence concurrently to his remaining undischarged term of parole supervision under Guidelines Section 5G1.3(d).[2] It is well settled that, "[i]f the defendant has completed his state prison term before the federal sentence is imposed, § 5G1.3 does not apply, and his federal prison term cannot be imposed concurrently." *United States v. Labeille-Soto*, 163 F.3d 93, 99 (2d Cir. 1998); *see also United States v. Lucas*, 745 F.3d 626, 631 (2d Cir. 2014) (per curiam) (holding that "neither U.S.S.G. § 5G1.3 nor 18 U.S.C. § 3584 authorizes a district court to run a term of imprisonment concurrently with a discharged term of imprisonment on related charges"). Rivera asserted to the district court that a remaining term of parole *supervision* (rather than incarceration) is part of an undischarged term of imprisonment under state law from which a federal sentence can be imposed under Section 5G1.3 to run consecutively or concurrently. We have never reached such a conclusion, though we have not foreclosed it. *See United States v. Hill*, 455 F. App'x 121, 123 (2d Cir. 2012) (summary order) (finding no plain error in connection with defendant's argument that, "[w]hile not technically incarcerated [on his parole violations] at the time of his sentencing," his "term of imprisonment was not 'discharged' [under Section 5G1.3] because New York law defines parole as a part of the sentence of imprisonment"). However, we need not address this issue here because, even assuming *arguendo* (as the district court did) that it could issue a concurrent sentence to an undischarged term of parole supervision, the district court's decision not to impose a concurrent sentence was

---

[2] Section 5G1.3(d) provides that "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(d). Application Note 4(C) states that "[s]ubsection (d) applies in cases in which the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole, or supervised release revoked." *Id.* cmt. 4(C).

6

substantively reasonable.[3]

Pursuant to 18 U.S.C. § 3584(b), "[t]he court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)." Here, in concluding that a concurrent sentence was unwarranted, the district court emphasized Rivera's "long history of violent activity . . . including possession of firearms and threatening individuals" and that his state imprisonment on his parole violations was "based upon a number of other acts independent of these particular charges." App'x at 91. The district court reviewed in detail Rivera's extensive criminal history and the facts of the instant offense, in which Rivera accidentally discharged a pistol in a stairway at the Amtrak station in Rochester, fired it again, intentionally, at a nearby intersection, and then fired it a third time toward a security guard who came to check on the situation. It also considered Rivera's "background and character," including

---

[3] Although Rivera frames this argument as a substantive reasonableness challenge, he also suggests that the district court procedurally erred under U.S.S.G. § 5G1.3(b)(2) by not imposing the federal sentence to run concurrently to the state sentence, or otherwise adjusting his federal sentence, because the parole term of imprisonment resulted from another offense that was "relevant conduct" to his federal offense. Appellant's Br. at 19; *see* U.S.S.G. § 1B1.3 (defining "relevant conduct"). We review this argument, which was not raised in the district court, for plain error. *See United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008). Assuming *arguendo* that Section 5G1.3 applies to an undischarged term of parole supervision, we conclude that the district court did not commit error, plain or otherwise, in not applying Section 5G1.3(b)(2). It is well settled that "when a criminal defendant is imprisoned as a result of his violation of the terms of his parole, the 'offense' that 'results' in his imprisonment is, for the purposes of § 5G1.3(b), the underlying prior offense of conviction, not the conduct violative of his parole conditions." *United States v. Garcia-Hernandez*, 237 F.3d 105, 110 (2d Cir. 2000); *see also United States v. Sommerville*, No. 22-981, 2024 WL 1266227, at *2 (2d Cir. Mar. 26, 2024) (summary order) (finding "no basis for deviating from the rule of *Garcia-Hernandez*"). Rivera's underlying 2017 state convictions for attempted criminal possession of a controlled substance and for robbery, which are the offenses that resulted in his parole revocation and were the basis for the remaining term of parole, were not "relevant conduct" to his instant conviction for possessing a firearm and ammunition four years later, in April 2021. Accordingly, to the extent Rivera challenges the district court's failure to apply Section 5G1.3(b)(2), we find that argument unavailing.

his employment history and future plans, family relationships, and health history, particularly his mental health issues and reluctance to take prescribed medications, and engaged in a colloquy with Rivera about these factors. App'x at 90. In light of these considerations, the district court found the consecutive sentence "not greater than necessary to accomplish the purpose of sentencing" but also sufficient "to deter [Rivera] and others from engaging in this type of activity in the future." App'x at 90–91.

Finally, in declining to impose a concurrent sentence, the district court appropriately considered Rivera's previous incarceration on his state parole violations, as well as the timing of his incarceration for those violations, in determining the appropriate length of his federal sentence. *See Lucas*, 745 F.3d at 629 n.5 ("[I]n the absence of a mandatory minimum sentence, the district court retains the discretion to take into account any prior discharged sentences served by a defendant to the extent that the fact of such a prior sentence bears on the determination of what sentence is sufficient, but not more than necessary, to serve the purposes of punishment set forth in 18 U.S.C. § 3553(a)."); *see also United States v. Los Santos*, 283 F.3d 422, 428 (2d Cir. 2002) (recognizing that a district court, under certain circumstances, could "depart under § 5K2.0 based on a prosecutorial delay that resulted in a missed opportunity for concurrent sentencing"); *United States v. Owens*, 833 F. App'x 905, 907 (2d Cir. 2020) (summary order) ("We do not doubt that a district court ought to consider any parallel sentences to which the defendant may be subject for the same conduct in crafting an appropriate federal sentence."). Indeed, the district court explicitly noted that it was imposing the ninety-six-month sentence, rather than a higher sentence, based on the state parole violations and the fact that Rivera "[had] been in custody for a significant period of time." App'x at 91.

In short, on this record, we discern no abuse of discretion in the district court's decision not to run the federal sentence concurrently to any remaining portion of Rivera's parole term, or in declining to impose an even lower sentence under the Section 3553(a) factors based on the parole violations.

\*   \*   \*

We have considered Rivera's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

      FOR THE COURT:
      Catherine O'Hagan Wolfe, Clerk of Court